**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SAMUEL FEILER,

Plaintiff,

-v-

WAPPINGERS CENTRAL SCHOOL DISTRICT, CATHERINE DEFAZIO as Head Custodian of Van Wyck Junior High School and Individually, THOMAS GIORNO as Head Custodian of Van Wyck Junior High School and Individually, JOANNE SEREDA as Director of Human Resources/Title IX Coordinator and Individually, and RONALD BROAS as Director of Facilities and Operations and Individually, for aider and abetter liability,

Defendants.

**DEFENDANT DEMANDS TRIAL BY JURY**

15-CV-07451

**DEFENDANT CATHERINE DEFAZIO'S ANSWER TO COMPLAINT**

As and for an Answer to the Complaint, the Defendant, CATHERINE DEFAZIO, (hereinafter "Answering Defendant"), through her counsel, LYNCH SCHWAB & GASPARINI, PLLC, alleges the following upon information and belief:

1. Answering Defendant denies the allegations of paragraphs "1", "2", "3", "9", "10", "11", "15", "16", "17", "18", "19", "21", "40", "41", "48", "49", "51", "55", "62", "66", "67", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "82", "83", "84", "85", "86", "87", "88", "89", "90", "96", "97", "98", "99", "108", "119", "124", "134", "138" and "145" of the Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

2. Answering Defendant denies the allegations of paragraphs "4", "100", "102", "103", "122" and "127" of the Complaint and refers all questions of law to the Court.

3. With respect to paragraph "5" of the Complaint, Answering Defendant admits that the plaintiff's direct supervisor at the District was the Defendant Catherine DeFazio, who held the position of Head Custodian, and as to the remaining allegations denies knowledge and information sufficient to form a belief as to the truth thereof.

4. Answering Defendant admits the allegations of paragraphs "6", "7", "20" and "39" of the Complaint.

5. With respect to paragraph "8" of the Complaint, Answering Defendant admits that DeFazio is a resident of the County of Dutchess, State of New York, and denies the remaining allegations of the paragraph.

6. With respect to paragraph "13" of the Complaint, Answering Defendant admits that jurisdiction is generally appropriate under 28 USC §1331 on actions pertaining to violations of Federal Law, specifically Title 7 of the Civil Rights Act of 1964, 42 USC §2000(e) *et. seq.*, and §1983 of the Civil Rights Act, 42 USC §1983 *et. seq.*, as well as violations of the New York State Human Rights Law §296 *et. seq.*, which can be heard by this Court pursuant to supplemental jurisdiction under 28 USC §1367.

7. With respect to paragraph "14" of the Complaint, Answering Defendant admits that venue is proper based upon the place of business of the defendants and that venue would be appropriate, since the acts and occurrences alleged within the Complaint are claimed to have occurred within this District.

8. Answering Defendant denies the allegations of paragraphs "22", "23", "24", "25", "26", "27", "28", "29", "31", "32", "33", "35", "36", "38", "44", "45", "46", "47", "50", "52",

"53", "54", "56", "57", "58", "59", "60", "61", "64", "65", "68", "69", "70", "91", "92", "93", "104", "105", "106", "107", "109", "111", "112", "113", "114", "115", "116", "117", "118", "120", "123", "125", "128", "129", "130", "131", "132", "133", "135", "137", "139", "141", "142", "143", "144" and "146" of the Complaint.

9. With respect to paragraph "30" of the Complaint, Answering Defendant admits that Defendant DeFazio was plaintiff's supervisor, and denies the remaining allegations of the paragraph.

10. With respect to paragraph "34" of the Complaint, Answering Defendant denies that DeFazio created a sexually hostile work environment, and admits that a certain birthday card was visible in the custodian's office which depicted a male who was not wearing a shirt, and denies the remaining allegations in the paragraph.

11. With respect to paragraph "37" of the Complaint, Answering Defendant denies that DeFazio engaged in sexual harassment or created a hostile work environment, and as to the remaining allegations denies knowledge and information sufficient to form a belief as to the truth thereof.

12. With respect to paragraphs "42" and "43" of the Complaint, Answering Defendant denies that DeFazio engaged in sexual harassment or retaliation under any circumstances, and as to the remaining allegations denies knowledge and information sufficient to form a belief as to the truth thereof.

13. With respect to paragraph "63" of the Complaint, Answering Defendant admits that DeFazio placed a Complaint with the New York State Police concerning vandalism which had occurred to her personal car, and denies the remaining allegations of the paragraph.

14. With respect to paragraph "81" of the Complaint, Answering Defendant admits that DeFazio "knew" Giorno, and denies the remaining allegations of the paragraph.

15. With respect to paragraph "94" of the Complaint, Answering Defendant denies that DeFazio engaged in any wrongful conduct, including retaliation, harassment and discrimination of any kind, and as to the remaining allegations denies knowledge and information sufficient to form a belief as to the truth thereof.

16. With respect to paragraph "95" of the Complaint, Answering Defendant denies that DeFazio engaged in any wrongful conduct of any kind against the plaintiff, and denies the remaining allegations of the paragraph.

17. With respect to paragraphs "101", "110", "121", "126", "136" and "140" of plaintiff's Complaint, Answering Defendant repeats, reiterates and reasserts each and every contention as contained in the preceding paragraphs with the same force and effect as though each were more fully set forth at length herein.

18. With respect to "WHEREFORE," Answering Defendant denies that plaintiff is entitled to any of the relief described in the unnumbered paragraph beginning with "WHEREFORE" and its subparts "a." through "i." in the Complaint.

19. Answering Defendant denies each and every other paragraph, to the extent that they may exist, not identified above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

20. The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

21. Defendant DeFazio's treatment of the plaintiff was based on reasonable, legitimate business factors, was non-discriminatory and non-harassing in nature, and was

consistent with and in compliance with Title VII of the Civil Rights Act, and the New York State Human Rights Law, as well as other applicable Federal, State and local laws.

**THIRD AFFIRMATIVE DEFENSE**

22. Even assuming, *arguendo*, that certain allegations complained of in the Complaint are true, which this Answering Defendant vehemently denies, since the plaintiff failed to comply with the sexual harassment policy of the defendant District, the claims against the Defendant DeFazio must be dismissed as a matter of law.

**FOURTH AFFIRMATIVE DEFENSE**

23. Assuming, *arguendo*, that the Defendant DeFazio violated the New York State's Human Rights Law, a claim which she denies vehemently, an award of punitive damages and attorneys' fees pursuant to the statute must be dismissed as a matter of law, since punitive damages and attorneys' fees are not available under the statute.

**FIFTH AFFIRMATIVE DEFENSE**

24. The claims and/or causes of action raised within the Complaint are barred by the applicable Statute of Limitations.

**SIXTH AFFIRMATIVE DEFENSE**

25. Plaintiff has failed to mitigate his alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

26. At those times mentioned and described in the Complaint, the Answering Defendant acted in a reasonable manner, with probable cause, in good faith, without malice and her actions were justified.

**EIGHTH AFFIRMATIVE DEFENSE**

27. That the Answering Defendant did not participate, engage or assist in any act or conduct which could form the basis for an award of punitive damages.

**NINTH AFFIRMATIVE DEFENSE**

28. At all times relevant herein, the Answering Defendant has acted in complete conformity with generally recognized and prevailing standards.

**TENTH AFFIRMATIVE DEFENSE**

29. At all times relevant herein, the Answering Defendant has complied with all relevant laws, regulations, and applicable standards and customs.

**WHEREFORE**, Answering Defendant demands judgment dismissing the Complaint of the plaintiff herein, together with attorneys' fees and the costs and disbursements of this action.

Dated: White Plains, New York
November 3, 2015

Respectfully submitted,

LYNCH SCHWAB & GASPARINI, PLLC

**LOUIS U. GASPARINI (LG2655)**
lgasparini@lynchschwab.com
Attorneys for Defendant: Catherine DeFazio
75 South Broadway, 4th Floor
White Plains, New York 10601
(914) 304-4353
File No.: 100.073

TO:

**Via Electronic Filing**

Jacobowitz & Gubits, LLP
***Attention: Jennifer S. Echevarria, Esq.***
Attorneys for Plaintiff
158 Orange Avenue, P.O. Box 367
Walden New York 12586
(845) 778-2121

Drake, Loeb, Heller, Kennedy, Gogerty, Gaba & Rodd, PLLC
***Attention: Adam Lawrence Rodd, Esq.***
Attorneys for Defendant
WAPPINGERS CENTRAL SCHOOL DISTRICT
555 Hudson Valley Avenue, Suite 100
New Windsor, NY 12553
(845) 561-0550

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SAMUEL FEILER,

Plaintiff,

-v-

WAPPINGERS CENTRAL SCHOOL DISTRICT, CATHERINE DEFAZIO as Head Custodian of Van Wyck Junior High School and Individually, THOMAS GIORNO as Head Custodian of Van Wyck Junior High School and Individually, JOANNE SEREDA as Director of Human Resources/Title IX Coordinator and Individually, and RONALD BROAS as Director of Facilities and Operations and Individually, for aider and abetter liability,

Defendants.

15-CV-07451

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2015, I electronically filed with the Clerk of the Court, using the CM/ECF System, the following document(s):

**DEFENDANT CATHERINE DEFAZIO'S ANSWER TO COMPLAINT**

Dated: White Plains, New York
November 3, 2015

Respectfully submitted,

LYNCH SCHWAB & GASPARINI, PLLC

s/LG2655

**LOUIS U. GASPARINI (s/LG2655)**
lgasparini@lynchschwab.com
Attorneys for Defendant: Catherine DeFazio
75 South Broadway, 4th Floor
White Plains, New York 10601
(914) 304-4353
File No.: 100.073