UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAMUEL FEILER,

                              Plaintiff,

      -against-

WAPPINGERS CENTRAL SCHOOL DISTRICT and
CATHERINE DEFAZIO as Head Custodian of Van
Wyck Junior High School and Individually, THOMAS
GIORNO Head Custodian of Van Wyck Junior High
School and Individually, JOANNE SEREDA as
Director of Human Resources/Title IX Coordinator
and Individually, and RONALD BROAS as Director
of Facilities and Operations and Individually, for aider
and abetter liability,

                              Defendants.
------------------------------------------------------------------X

**VERIFIED ANSWER**

Case No.: 15-CV-07451 (VB)

      Defendants, the WAPPINGERS CENTRAL SCHOOL DISTRICT, THOMAS GIORNO, JOANNE SEREDA and RONALD BROAS by their attorneys, DRAKE LOEB PLLC, answering the Verified Complaint of the plaintiff, allege as follows:

      FIRST: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Verified Complaint numbered "1", "4", "8", "12", "15", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "48", "49", "51", "53", "54", "55", "56", "59", "60", "61", "62", "63", "64", "65", "71", "72", "75", "77", "79", "85", "86", "88", "91", "92", "93" and "97".

      SECOND: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Verified Complaint numbered "13" and "14", in the form alleged, and refers all questions

of law to the Court.

THIRD: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified Complaint numbered "17", in the form alleged, and states that District's Board of Education is the entity which approved of the subject appointment.

FOURTH: Admit that the plaintiff was promoted in March 2015 to the position of Head Custodian, and deny the remaining allegations contained in the paragraph of the Verified Complaint numbered "18".

FIFTH: Deny each and every allegation contained in the paragraph of the Verified Complaint numbered "20" in the form alleged, and states that defendant DeFazio was transferred to a different school prior to July of 2013.

SIXTH: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified Complaint numbered "37", in the form alleged.

SEVENTH: Deny each and every allegation contained in the paragraphs of the Verified Complaint numbered "36", "38", "42", "43", "44", "45", "46", "47", "50", "57", "58", "70", "73", "74", "76", "78", "80", "81", "82", "83", "84", "87", "89", "90", "94" and "95".

EIGHTH: Admit the allegations as contained in the paragraph of the Verified Complaint numbered "41", but states that the formal notification was not made on February 21, 2013.

NINTH: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified

Complaint numbered "52", in the form alleged, and refers all allegations regarding the plaintiff's pay to the District's payroll records.

TENTH: Deny each and every allegation contained in the paragraphs of the Verified Complaint numbered "68" and "69" in the form alleged.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT

ELEVENTH: Repeat and reallege each and every response to the allegations contained in the paragraphs of the Verified Complaint numbered "1" through "100", inclusive, as realleged in paragraph "101", with the same force and effect as though more fully set forth at length herein.

TWELFTH: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Verified Complaint numbered "102" and "103", in the form alleged, and refers all questions of law to the Court.

THIRTEENTH: Deny each and every allegation contained in the paragraphs of the Verified Complaint numbered "104", "105", "106", "107" and "109".

FOURTEENTH: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified Complaint numbered "108".

### PLAINTIFF'S SECOND CLAIM FOR RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

FIFTEENTH: Repeat and reallege each and every response to the allegations contained in the paragraphs of the Verified Complaint numbered "1" through "109",

inclusive, as realleged in paragraph "110", with the same force and effect as though more fully set forth at length herein.

SIXTEENTH: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Verified Complaint numbered "111" and "113", in the form alleged, and refers all questions of law to the Court.

SEVENTEENTH: Deny each and every allegation contained in the paragraphs of the Verified Complaint numbered "112", "114", "115", "116", "117", "118" and "120".

EIGHTEENTH: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified Complaint numbered "119".

### PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT UNDER NEW YORK STATE HUMAN RIGHTS LAW

NINTEENTH: Repeat and reallege each and every response to the allegations contained in the paragraphs of the Verified Complaint numbered "1" through "120", inclusive, as realleged in paragraph "121", with the same force and effect as though more fully set forth at length herein.

TWENTIETH: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified Complaint numbered "122", in the form alleged, and refers all questions of law to the Court.

TWENTY-FIRST: Deny each and every allegation contained in the paragraphs

of the Verified Complaint numbered "123" and "125".

TWENTY-SECOND: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified Complaint numbered "124".

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF FOR RETALIATION UNDER NEW YORK STATE HUMAN RIGHTS LAW

TWENTY-THIRD: Repeat and reallege each and every response to the allegations contained in the paragraphs of the Verified Complaint numbered "1" through "125", inclusive, as realleged in paragraph "126", with the same force and effect as though more fully set forth at length herein.

TWENTY-FOURTH: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified Complaint numbered "127", in the form alleged, and refers all questions of law to the Court.

TWENTY-FIFTH: Deny each and every allegation contained in the paragraphs of the Verified Complaint numbered "128", "129", "130", "131", "132", "133" and "135".

TWENTY-SIXTH: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified Complaint numbered "134".

### PLAINTIFF'S FIFTH CLAIM FOR RELIEF FOR AIDING AND ABETTING UNDER NEW YORK STATE HUMAN RIGHTS LAW

TWENTY-SEVENTH: Repeat and reallege each and every response to the allegations contained in the paragraphs of the Verified Complaint numbered "1" through

"135", inclusive, as realleged in paragraph "136", with the same force and effect as though more fully set forth at length herein.

TWENTY-EIGHTH: Deny each and every allegation contained in the paragraphs of the Verified Complaint numbered "137" and "139".

TWENTY-NINTH: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified Complaint numbered "138".

### PLAINTIFF'S SIXTH CLAIM FOR RELIEF FOR VIOLATION OF SECTION 1983 OF THE CIVIL RIGHTS ACT

THIRTIETH: Repeat and reallege each and every response to the allegations contained in the paragraphs of the Verified Complaint numbered "1" through "139", inclusive, as realleged in paragraph "140", with the same force and effect as though more fully set forth at length herein.

THIRTY-FIRST: Deny each and every allegation contained in the paragraphs of the Verified Complaint numbered "141", "142", "143", "144" and "146".

THIRTY-SECOND: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Verified Complaint numbered "145".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-THIRD: The damages alleged to have been sustained by plaintiff were caused in whole or partly by the culpable conduct of the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-FOURTH: The Plaintiff's allegations fail to set forth any cognizable claim for discrimination under the laws of the State of New York, Title VII, Section 1983, or any other applicable State or Federal Statutes.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-FIFTH: The Plaintiff failed to mitigate damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH: The Plaintiff did not suffer any adverse employment actions.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: The Plaintiff failed to exhaust available remedies.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: The actions complained of were not based on discriminatory or retaliatory animus or intent.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH: The individually named defendants are entitled to qualified immunity.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FORTIETH: The Plaintiff failed to interpose a grievance pursuant to his obligation to do so under the governing Collective Bargaining Agreement, and his failure to do so bars his claims, in whole or in part.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-FIRST: These answering defendants exercised reasonable care to prevent and correct harassing, discriminatory and/or retaliatory behavior, and the Plaintiff

failed to take advantage of preventative and corrective opportunities provided by the Defendants.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FORTY-SECOND: The Plaintiff was not subject to a hostile work environment.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

FORTY-THIRD: The District may not be held liable for any acts of discrimination, retaliation or harassment under a theory of respondeat superior.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FORTY-FOURTH: The Defendants did not encourage, approve or condone any alleged acts of discrimination, retaliation or harassment.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-FIFTH: The District maintained a policy prohibiting discrimination, harassment and retaliation.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

FORTY-SIXTH: The Plaintiff cannot recover on claims not contained in her EEOC Charge/Complaint.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH: The Plaintiff cannot recover for any claims of discrimination, harassment or retaliation that accrued more than 300 days prior to the plaintiff's filing of her EEOC charge, or which are otherwise barred by the applicable statute of limitations.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH: No individual liability may be imposed under Title VII.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

FORTY-NINTH:  The plaintiff may not simultaneously recover on identical claims based on Title VII and Section 1983.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

FIFTIETH:  The Wappingers Central School District is not liable because the actions of its alleged policymakers did not violate the plaintiff's Constitutional rights.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

FIFTY-FIRST:  The answering defendants acted in good faith and committed no acts infringing upon any clearly established Constitutional rights.

WHEREFORE, defendants, WAPPINGERS CENTRAL SCHOOL DISTRICT, THOMAS GIORNO, JOANNE SEREDA and RONALD BROAS demand judgment:

1. dismissing the Verified Complaint;

2. apportioning liability between plaintiff, these answering defendants and any other tortfeasors responsible for the incident and damages claimed herein; and

3. for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated: New Windsor, New York
       November 30, 2015

Yours, etc.,

DRAKE LOEB PLLC

By: _____
ADAM L. RODD, ESQ. (AR-3484)
*Attorneys for Defendants,*
*WAPPINGERS CENTRAL SCHOOL*
*DISTRICT, THOMAS GIORNO, JOANNE*
*SEREDA and RONALD BROAS*
555 Hudson Valley Avenue
Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550

TO:   JACOBOWITZ & GUBITS, LLP
      *Attorneys for Plaintiff,*
      *SAMUEL FEILER*
      158 Orange Avenue
      P.O. Box 367
      Walden, New York 12586
      Tel. No.: (845) 778-2121

      LYNCH, SCHWAB & GASPARINI, PLLC
      *Attorneys for Defendant,*
      *CATHERINE DEFAZIO*
      1441 Route 22, Suite 206
      Brewster, New York 10509
      Tel. No.: (914) 304-4353

STATE OF NEW YORK        :
                         :   ss.:
COUNTY OF ORANGE         :

I, ADAM L. RODD, the undersigned, am an attorney admitted to practice in the court of New York State, and I am the attorney of record or of counsel with the attorneys of record for the defendants, the WAPPINGERS CENTRAL SCHOOL DISTRICT, THOMAS GIORNO, JOANNE SEREDA and RONALD BROAS. I have read the annexed Verified Answer to Verified Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Investigative material contained in my file.

The reason I make this affirmation instead of defendants is that said defendants' place of business is not located in the county in which I maintain my office. I affirm that the foregoing statements are true under penalties of perjury.

Dated: New Windsor, New York
       November 30, 2015

_____
ADAM L. RODD